## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 06-90-(JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| SANDOZ INC. AND NOVARTIS AG | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWERING BRIEF OF DEFENDANT SANDOZ INC.
## IN OPPOSITION TO THE CONTINGENT MOTION OF PLAINTIFF PFIZER INC.
## TO ENJOIN SANDOZ FROM PROCEEDING WITH ITS DECLARATORY
## <u>JUDGMENT ACTON IN THE SOUTHERN DISTRICT OF NEW YORK</u>

OF COUNSEL:

Kelly L. Morron
Schiff Hardin LLP
623 Fifth Avenue
28th Floor
New York, NY 10022
(212)753-5000

Roger Pascal
Andrew M. Alul
Kathryn S. Devine
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312)258-5500

Dated: April 3, 2006

Frederick L. Cottrell, III  (#2555)
(Cottrell@RLF.com)
Matthew W. King  (#4566)
(King@RLF.com)
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Attorneys for Defendant Sandoz Inc.

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

III.   ARGUMENT ............................................................................................................. 4

      A.    Governing Standards............................................................................................ 4

      B.    The First-Filed Doctrine Does Not Apply in this Case. ........................................ 6

            1.    Pfizer's Delaware Actions Are Related to the Pre-Existing
                  Pfizer/Teva Action in New York. .............................................................. 6

            2.    The First-Filed Doctrine May Not Be Used to Advance Pfizer's
                  Arbitrary Preference for this Forum. ...................................................... 10

CONCLUSION.................................................................................................................. 14

RLF1-2998913-1

# TABLE OF AUTHORITIES

CASES

*Affinity Memory & Micro, Inc. v. K & Q Enters. Inc.,*
   20 F. Supp. 2d 948 (E.D. Va. 1998) .......................................................................................... 9

*Affymetrix, Inc. v. Synteni, Inc.,*
   28 F. Supp. 2d 192 (D. Del. 1998) ............................................................................ 5, 8, 13, 14

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.,*
   295 F. Supp. 2d 393 (D. Del. 2002) ............................................................................. 8, 12, 13

*Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.,*
   No. 05-357-SLR, 2005 WL 2786691 (D. Del. Oct. 26, 2005) ................................................. 12

*Bayer Bioscience N.V. v. Monsanto Co.,*
   No. 03-323-GMS, 2003 WL 1565864 (D. Del. Mar. 25, 2003) ........................................*passim*

*Brunswick Corp. v. Precor Inc.,*
   No. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ................................. 7, 10,12 14

*Burstein v. Applied Extrusion Techs., Inc.,*
   829 F. Supp. 106 (D. Del. 1992) .............................................................................................. 12

*Citibank, N.A. v. Affinity Processing Corp.,*
   248 F. Supp. 2d 172 (E.D.N.Y. 2003) ....................................................................................... 9

*E.I. DuPont de Nemours and Co. v. Diamond Shamrock Corp.,*
   522 F. Supp. 588 (D. Del. 1981) .............................................................................................. 11

*EEOC v. University of Pennsylvania,*
   850 F.2d 969 (3rd Cir. 1988) ......................................................................................... 4, 5, 8

*Ellenby Tech., Inc. v. AT Sys. Inc.,*
   No. CIV.A.01-416, 2002 WL 356686 (D. Del. Feb. 8, 2002) .................................................. 10

*Eon Labs, Inc. v. Pfizer Inc.,*
   No. 05 Civ. 0002, 2005 WL 1705295 (S.D.N.Y. Jul. 19, 2005) ................................................ 2

*Genentech, Inc. v. Eli Lilly & Co.,*
   998 F.2d 931 (Fed. Cir. 1993) *overruled in part on other grounds,*
   *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) ................................................................... 4, 5

*Green Isle Partners, Ltd. S.E. v. Ritz Carlton Hotel Co.,*
   No. 01-202-JJF (D. Del. Nov. 2, 2001) .................................................................................... 12

*Intel Corp. v. AmberWave Sys. Corp.,*
   233 F.R.D. 416 (D. Del. 2005) ............................................................................................ 6, 7

*Kahn v. General Motors Corp.,*
   889 F.2d 1078 (Fed. Cir. 1989) ................................................................................................. 5

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,*
   342 U.S. 180 (1952) ................................................................................................................... 5

*Lab. Corp. of Amer. Holdings v. Chiron Corp.*,
  384 F.3d 1326 (Fed. Cir. 2004) ................................................................................. 4

*Nilssen v. Everbrite, Inc.*,
  No. 00-189-JJF, 2001 WL 34368396 (D. Del. Feb. 16, 2001) ......................................... 5, 8, 13

*Nilssen v. Osram Sylvania, Inc.*,
  No. 00-695-JJF, 2001 WL 34368395 (D. Del. May 1, 2001)............................................ *passim*

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
  803 F. Supp. 971 (D. Del. 1992).............................................................................. 6, 7

*Pall Corp. v. Bentley Labs., Inc.*,
  523 F. Supp. 450 (D. Del. 1981)................................................................................ 10

*Polaroid Corp. v. Casselman*,
  213 F. Supp. 379 (S.D.N.Y. 1962) .......................................................................... 13

*Serco Serv. Co. v. Kelley Co., Inc.*,
  51 F.3d 1037 (Fed. Cir. 1995) ................................................................................ 4, 5

*Sherwood Med. Co. v. IVAC Med. Sys., Inc.*,
  No. 96-305-MMS, 1996 WL 700261 (D. Del. Nov. 25, 1996) ................................................. 12

*Solomon v. Cont'l Am. Life Ins. Co.*,
  472 F.2d 1043 (3rd Cir. 1973) ................................................................................ 12

*Symbol Techs. Inc. v. Data Gen. Corp.*,
  40 U.S.P.Q.2d 1216 (S.D.N.Y. 1996)............................................................................ 9

*Tiegel Mgf. Co. v. Globe-Union, Inc.*,
  No. 84-483-WKS, 1984 WL 24 (D. Del. Oct. 23, 1984)........................................................ 14

*Tracy v. Consolidated Rail Corp.*,
  723 F. Supp. 1051 (D. Del. 1989)................................................................................ 8

*Unicredito Italiano v. JP Morgan Chase Bank*,
  No. 02-104 GMS, 2002 WL 1378226 (D. Del. June 26, 2002)................................................. 12

*Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-
  2448, 2002 WL 31898217 (D. Kan. Dec. 10, 2002)................................................................ 9

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)................................................................................................ 11

*Virgin Wireless, Inc. v. Virgin Enter. Ltd.*,
  201 F. Supp. 2d 294 (D. Del. 2002)........................................................................... 5, 8, 12, 13

## I.    INTRODUCTION

Defendant Sandoz Inc. ("Sandoz") submits this Answering Brief in opposition to the Contingent Motion of Plaintiff Pfizer Inc. ("Pfizer") to enjoin Sandoz from proceeding with its declaratory judgment action regarding Pfizer's U.S. Patent No. 6,977,243 (the "'243 patent") in the Southern District of New York, where related litigation between Pfizer, Sandoz, and various other parties is pending and underway.[1]  Relying on the "first filed" doctrine, Pfizer asks this Court to enjoin Sandoz from proceeding with its New York action because Pfizer filed its actions against Sandoz and Teva alleging infringement of the '243 patent in this District the week before Teva and Sandoz filed their declaratory judgment actions relating to that patent in New York. But well settled Supreme Court, Third Circuit, Federal Circuit, and Delaware precedent unanimously holds that this doctrine gives way – as it should – to related litigation in another district or where forum shopping is involved.  Both principles are implicated here.

While Pfizer's cases against Teva and Sandoz in this District were indeed filed days before their corresponding declaratory judgment actions in New York, Pfizer does not deny that it had been litigating with Teva over the same drug (azithromycin) before a single District Court Judge in New York (Judge Preska) *for years* before it sued on the '243 patent here.  *See* Pfizer's Opening Brief at 4.  Pfizer's filings against Sandoz and Teva in this District thus evince a plain objective by Pfizer to extricate itself from that New York court.  That is precisely the sort of forum shopping that the first-filed doctrine refuses to serve.

---

[1] Three related actions are currently pending in the Southern District of New York:  (1) the prior declaratory judgment action by Teva Pharmaceuticals USA and Teva Pharmaceutical Industries Ltd. (collectively, "Teva") against Pfizer relating to prior art U.S. Patent No. 6,268,489 ("the '489 patent"), Case Nos. 03-cv-7423 and 04-cv-4979; (2) Teva's declaratory judgment action against Pfizer relating to the '243 patent, Case No. 06-cv-1134; and (3) Sandoz' declaratory judgment action against Pfizer also relating to the '243 patent, Case No. 06-cv-1222. Pfizer has counterclaimed for infringement in each of these cases, and has further sought to join the remaining Defendant in this action, Novartis AG, through its counterclaim in the third case.

Pfizer nevertheless attempts to rehabilitate its reliance on the first-filed doctrine by contending that the pre-existing Pfizer/Teva litigation in New York is "not related" to the cases it filed here. Specifically, Pfizer argues that the earlier-filed Pfizer/Teva suit involved different patents, parties, and products, and that it is "effectively over." *See* Pfizer's Opening Brief at 4-5, 7. But the Southern District of New York disagrees with Pfizer, having already concluded that Teva's and Sandoz' declaratory judgment actions on the '243 patent – which, as Pfizer points out, are "essentially identical" to the cases pending here (*id.* at 3) – are indeed related to each other and to the pre-existing Pfizer/Teva action. *See* D.I. 21, Exhibits A-B. Accordingly, both of those cases have been assigned to, and accepted by, Judge Preska, who has long presided over the litigation involving Pfizer's azithromycin-related patents, including the pre-existing Pfizer/Teva action and a fourth case involving generic azithromycin: *Eon Labs, Inc. v. Pfizer Inc.*, No. 05 Civ. 0002, 2005 WL 1705295 (S.D.N.Y. Jul. 19, 2005) (Preska, J.). And, while this latter action was dismissed last year for lack of a case or controversy, the pre-existing Pfizer/Teva case remains pending and active. As Teva itself has explained, contrary to Pfizer's contention that the earlier-filed Pfizer/Teva case is "effectively over," Pfizer and Teva continue to litigate the patent issues in that case in the context of Teva's claim for attorneys' fees.

But Pfizer's premise is faulty in any event. When determining whether litigation in another district overcomes the first-filed doctrine (as it does here), the issue is not whether the foreign action is identical in stage and scope, but rather, whether it is ***related***. Separate actions filed at different times in different courts will always involve some differences. But, as this Court has repeatedly observed, litigation can be sufficiently related to prevent application of the first-filed doctrine even where it involves different patents, parties, and products, and where it is substantially advanced, or even closed. So too here. While the patent involved in the pre-

-2-

existing Pfizer/Teva action may be different, its subject matter is undeniably related to the '243 patent at issue here, as evidenced by the fact that the former was cited by the Patent Office as prior art against the latter. It is thus likely that competing courts presiding over these competing actions would make competing rulings regarding the two patents and their common subject matter. That indisputable overlap overcomes the first-filed doctrine.

Pfizer's attempt to justify its choice to sue over the '243 patent here, rather than in its hometown of New York where it was already litigating over azithromycin, is similarly unavailing. Pfizer tries to string together a series of purported connections between this forum and this action, but these are straw men. For instance, Sandoz' supposedly "admitted" sale of products in this forum (*see* Pfizer's Opening Brief at 13) amounts to no more than Sandoz' acknowledgment that its products are distributed here "*by others*" – not Sandoz – as opposed to New York, where Sandoz ships directly. *See* Sandoz' Opening Brief in Support of its Motion to Sever and Transfer at 11 n.10 and Pomerantz Dec. at ¶¶ 8-9. And Pfizer's supposedly extensive litigation activity in this District (Pfizer Opening Brief at 7) is eclipsed by its litigation activity in New York, where it sues and is sued far more often (by 1,700 cases). *See* D.I. 21, Exhibits C-D. Similarly, Pfizer's "working relationships with Delaware attorneys" are likewise outstripped by its greater litigation experience in New York (including on azithromycin) and the fact that several of the lawyers who prosecuted the patent in suit work for Pfizer in New York.

Pfizer's injunction request thus hinges on its bare preference for this forum over another court's pre-existing jurisdiction in two related actions for over two years. But that preference is plainly insufficient, particularly when Pfizer has already brought the same claims it brought here – for infringement of the '243 patent against Teva, Sandoz, and Novartis AG – in that other forum. No injunction is needed to protect Pfizer's infringement claims here when it is already

-3-

making them in New York, just as it should have done in the first place. Rather, the proper remedy is to transfer Pfizer's claims here to New York, as Sandoz and Teva have requested.

## III.    ARGUMENT

### A.    Governing Standards.

Pfizer bases its request for an injunction on Third Circuit precedent regarding the first-filed doctrine. According to Pfizer, "[t]he Third Circuit has found that the 'first-filed rule' encourages sound judicial administration and promotes comity among federal courts of equal rank." *See* Pfizer's Opening Brief at 5 (citing *EEOC v. University of Pennsylvania*, 850 F.2d 969, 971 (3rd Cir. 1988)). As an initial matter, Federal Circuit precedent controls a request for an injunction restraining a party's prosecution of a co-pending patent infringement or declaratory judgment action in another district.[2] But the distinction is of no consequence, since Third Circuit, Supreme Court, Federal Circuit, and Delaware precedents firmly hold that the first-filed doctrine does not apply where (as here) a later-filed action was instituted in the same district where pre-existing related litigation was already pending.

As these courts have acknowledged, the first-filed doctrine expresses a preference for (not a right to) a first-filed action, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise."[3] "Such reason may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or

---

[2] *Lab. Corp. of Amer. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1331 (Fed. Cir. 2004) (holding that injunction restraining defendant from prosecuting parallel infringement action in another district was immediately appealable under Federal Circuit precedent, despite contrary Third Circuit precedent: "because of the importance of national uniformity in patent cases, we hold that injunctions arbitrating between co-pending patent declaratory judgment and infringement cases in different district courts are reviewed under the law of the Federal Circuit").

[3] *Serco Serv. Co. v. Kelley Co., Inc.* 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled in part on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).

RLF1-2998913-1

desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech*, 998 F.2d at 938. "Thus, 'the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served.'" *Serco*, 515 F.3d at 1039 (quoting *Genentech*, 998 F.2d at 938 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 184 (1952)); *Bayer Bioscience N.V. v. Monsanto Co.*, No. 03-323-GMS, 2003 WL 1565864 at * 1 (D. Del. Mar. 25, 2003) (same) (quoting *Genentech*, 998 F.2d at 938). Accordingly, as *Kerotest* and its progeny – in the Federal Circuit, this Circuit, and this District – have each held for the last fifty years, the first-filed doctrine should yield to related litigation in another district.[4] As Pfizer's own authority acknowledges, an equally well-settled corollary of this principle holds that the doctrine may not be invoked by a party who seeks to avoid the forum in which such related litigation is pending, or has otherwise engaged in forum shopping. *EEOC*, 850 F2d at 972 (the first-filed doctrine "is not a mandate directing wooden application of the rule without regard to . . . inequitable conduct, bad faith, or forum shopping").[5]

Pfizer does not dispute these points. Instead, it argues that the pre-existing Teva/Pfizer action in New York is unrelated to the infringement cases it filed against Sandoz and Teva in this

---

[4] *Kerotest*, 342 U.S. at 183 ("Why, under the circumstances, should there be two litigations where one will suffice? We can find no adequate reason.") (quoting and affirming Third Circuit reversal of district court's denial of stay pending resolution of later-filed action joined with pre-existing related litigation, 189 F.2d 31, 34); *Bayer Bioscience*, 2003 WL 1565864 at * 2; *Nilssen v. Osram Sylvania, Inc.*, No. 00-695-JJF, 2001 WL 34368395 at * 4 (D. Del. May 1, 2001); *Nilssen v. Everbrite, Inc.*, No. 00-189-JJF, 2001 WL 34368396 at * 3 (D. Del. Feb. 16, 2001); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 206-07 (D. Del. 1998)).

[5] *See also Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (acknowledging that forum shopping is a recognized exception to the first-filed doctrine); *Virgin Wireless, Inc. v. Virgin Enter. Ltd.*, 201 F. Supp. 2d 294, 301 (D. Del. 2002) (transferring later-filed action to New York: "Bad faith and forum shopping have always been regarded as proper bases for departing from the rule.").

-5-

District, and that "it had reasonable grounds to bring this case in Delaware." *See* Pfizer's Opening Brief at 7-8. Neither is true.

**B.    The First-Filed Doctrine Does Not Apply in this Case.**

    **1.    Pfizer's Delaware Actions Are Related to the Pre-Existing Pfizer/Teva Action in New York.**

As noted above, the New York district court has already determined that Sandoz' and Teva's declaratory judgment claims regarding the '243 patent (which, in Pfizer's words, are "essentially identical to" its infringement actions here) are related to each other and to the pre-existing Pfizer/Teva action involving the prior art '489 patent. *See* D.I. 21, Exhibits A-B. Thus, the first opportunity for inconsistent rulings by the two courts is now posed, as Pfizer asks this Court to trump the New York court's determination on that score. The contention alone demonstrates the danger of retaining this action in this forum. But this Court's precedent requires the same conclusion reached by the New York court, in any event. Despite Pfizer's claim that the earlier Pfizer/Teva action in New York involved different patents, parties, and products, this Court's case law consistently holds that such actions are nevertheless "related" for purposes of the first-filed doctrine, where (as here) they involve the same technology, and therefore may require both courts (and any juries, advisory or otherwise) to become mired in the same facts and issues.[6] As the Court recently stated in *Intel*, "only the narrowest and most artificial view of the issues" could suggest otherwise:

---

[6] *See Intel Corp. v. AmberWave Sys. Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005) (departing from first-filed doctrine to allow addition of claim for infringement of another patent despite earlier-filed action relating to that patent in another district); *Bayer Bioscience*, 2003 WL 1565864 at * 2 (departing from first-filed doctrine to transfer action to district where "the same parties, and the same, or related patent or patents" were involved in litigation pending there); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 974 (D. Del. 1992) (departing from first-filed doctrine to retain action where "the technology of the patents in suit is the same as the technology and patents involved in ... litigation recently concluded in this district"). *See also Osram Sylvania,* 2001 WL 34368395 at * 4 and n.8 (transferring action to

> The more sensible view must acknowledge that, at a minimum, presentations on infringement for both . . . patents will require a judge on the summary judgment motions that are sure to be filed, and a jury, at any trial of the case, to become familiar with the same field of art, the same fundamental science and technology [and] the same allegedly infringing devices . . . .

*Intel Corp.*, 233 F.R.D. at 418.

Similarly unavailing is Pfizer's companion contention that the prior Pfizer/Teva action in New York is "effectively over." *See* Pfizer's Opening Brief at 5. Again, this Court's precedent has rejected the argument, repeatedly departing from the first-filed doctrine to retain or transfer an action whose subject matter is related to an action *previously* litigated in this or another district.[7] But as importantly, the record indicates that Pfizer's characterization of the stage of the proceedings in the prior Pfizer/Teva action is grossly inaccurate. In support of Teva's motion to transfer Pfizer's Delaware action on the '243 patent to New York where the prior Pfizer/Teva action is pending, Teva explained that the New York Court (1) accepted Teva's declaratory judgment action regarding the '243 patent as related to that earlier litigation, (2) rejected Pfizer's request to dismiss that prior case after Pfizer refused to provide assurance that it would not use such a dismissal to prevent transfer of its Delaware claim against Teva to New York, and (3)

---

forum where litigation involving same and additional patents was pending); *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477 at * 3 (D. Del. Dec. 12, 2000) (transferring action to district where the parties had recently litigated another action involving a patent on a similar product); *Affymetrix*, 28 F. Supp. 2d at 206-07 (transferring action to forum where litigation involving additional parties, patents, and products was pending).

[7] *Bayer Bioscience*, 2003 WL 1565864 at ** 1-2 (transferring later-filed action to district which had issued a summary judgment order finding four "other patents" involving related technology unenforceable due to inequitable conduct); *Brunswick*, 2000 WL 1876477 at * 3 (transferring action to district where parties had recently litigated another action involving a patent on a similar product); *Optical Recording Corp.*, 803 F. Supp. at 974 (retaining action where "the technology and patents involved in the *Time Warner* litigation recently concluded in this district").

-7-

continues to preside over the patent issues in that prior case in the context of Teva's claim for attorneys' fees. *See* D.I. 21, Exhibit E at 5, 7-8; Exhibit G hereto at ¶ 6.

Accordingly, while the prior Pfizer/Teva action in New York is certainly further advanced than this newly filed action, that only weakens Pfizer's reliance on the first-filed doctrine. As Pfizer's own authority acknowledges, "courts have rejected the rule when the second-filed action had developed further than the initial suit." *EEOC*, 850 F.2d at 976.[8] That is because the potential for duplication and inconsistent rulings is only heightened in that circumstance (as it is here).[9] Related litigation in another forum thus weighs most heavily where it is procedurally more advanced and entails multiple actions pending before a single Judge who has a greater familiarity with the parties' disputes. *Bayer Bioscience*, 2003 WL 1565864 at * 2 (transferring action to district that had "on-going relationship" with the parties' disputes).

These authorities strongly militate against an injunction of Sandoz' declaratory judgment action in New York, and instead mandate transferring the claims against Sandoz in this case to that forum, where Judge Preska has been presiding over various actions involving Pfizer's azithromycin patents and other generic azithromycin products for several years now. Even if this Court were to enjoin the Sandoz and Teva declaratory judgment actions in New York, the

---

[8] *See also Virgin Wireless*, 201 F. Supp. at 301 (same); *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (transferring action to forum where discovery in related litigation had already begun).

[9] *Osram Sylvania*, 2001 WL 34368395 at * 4 ("practical considerations regarding the ease, speed, or expense of trial strongly weigh in favor of the requested transfer" where it will spare "the waste of judicial resources" in requiring two different courts to become familiar with and construe the same patents, and "it could take months or years for collateral estoppel to become applicable ... virtually guaranteeing that one of the judgments will get reversed on appeal"); *Everbrite*, 2001 WL 34368396 at ** 3-4 (acknowledging inefficiencies of competing actions in different fora); *Affymetrix*, 28 F. Supp. 2d at 206 (acknowledging the importance of retaining related litigation in a single court) (citing *Tracy v. Consol. Rail Corp.*, 723 F. Supp. 1051, 1052 (D. Del. 1989) (transferring action to forum where "all three" related cases "were pending before the same District Judge")).

-8-

original Pfizer/Teva action regarding the prior art '489 patent would still proceed in that court. And while that earlier patent did not share an application with the '243 patent in suit here, their subject matters undeniably overlap, which is precisely why the '489 patent was cited as prior art during the prosecution of the '243 patent. That overlap will inevitably require the parties in this case (and the Court itself) to remain apprised of and involved in the ongoing litigation in New York, whether Sandoz' declaratory judgment action proceeds there or not.

Accordingly, denial of Pfizer's injunction request and granting Sandoz' transfer request would spare this Court the burden of becoming familiar with the same two patents, and prevent duplicative (and potentially competing) rulings regarding their common subject matter. Such deference to the New York court would also prevent later potential contests regarding collateral estoppel and res judicata, which would otherwise be likely to arise given the newness of this suit.[10] Notably, this latter danger is already presented by the present motion (which seeks to unmake the New York Court's determination of relatedness) and by Pfizer's motions to strike and dismiss Sandoz' unenforceability defenses, which are already pending in both courts. *See* D.I. 21, Exhibit A at item No. 8; D.I. 21, Exhibit F at item No. 19. It is in the interests of justice

---

[10] Indeed, the relative newness of this action is a reason, by itself, to depart from the first-filed doctrine insofar as it would deem this action "first-filed" in relation to Sandoz' declaratory judgment action in New York. Many courts have refused to apply the doctrine when two cases are filed days apart, as was the case with Pfizer's and Sandoz' cases regarding the '243 patent. *See, e.g., Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 175 (E.D.N.Y. 2003) ("[M]ost of the cases in this Circuit have disregarded the first filed rule where the competing suits were filed only days apart."); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448, 2002 WL 31898217, at * 2 (D. Kan. Dec. 10, 2002) ("[W]hen competing actions are filed within a short time of each other, courts may disregard the first-filed rule."); *Affinity Memory & Micro, Inc. v. K & Q Enters. Inc.*, 20 F. Supp. 2d 948, 954-56 (E.D. Va. 1998) (case transferred to second court and rigid application of first-filed rule unwarranted because second action was filed only two weeks after first action); *Symbol Techs., Inc. v. Data Gen. Corp.*, 40 U.S.P.Q.2d 1216, 1217 (S.D.N.Y. 1996) ("[W]here the cases are filed merely days apart, the first-filed rule is usually disregarded.").

to permit such issues "to proceed before one court," *Brunswick*, 2000 WL 1876477 at * 3, and the New York court has already accepted these issues as related to ongoing litigation pending before it. *See* D.I. 21, Exhibit E at 5, 7-8. The same notions of comity served by the first-filed doctrine require this Court to respect that determination of relatedness and depart from the first-filed doctrine here. *See Ellenby Tech., Inc. v. AT Sys. Inc.*, No. CIV.A.01-416, 2002 WL 356686 at * 2 (D. Del. Feb. 8, 2002) (accepting sister court's determination regarding first-filed doctrine: "this court is not inclined to disturb [another] district court's factual findings, particularly those relating to the parties' intentions").

### 2. The First-Filed Doctrine May Not Be Used to Advance Pfizer's Arbitrary Preference for this Forum.

It would be equally improper to apply the first-filed doctrine to further a litigant's bare preference for a forum potentially more favorable than the one in which it is currently litigating. *See* Note 5 *supra*. Attempting to deflect this issue, Pfizer contends that it "brought this case to the District of Delaware in good faith," and that its selection of this forum was "entirely reasonable." *See* Pfizer's Opening Brief at 7. But the reason Pfizer offers for suing Sandoz and Teva here – rather than in Pfizer's home town of New York where it was already litigating with Teva over azithromycin – fails as a matter of law. Tacitly admitting that its selection of this forum was motivated by a tactical bias, Pfizer says that it "has previously litigated patent cases in the District of Delaware and has found the Court to be both a competent and convenient forum" *See* Pfizer's Opening Brief at 7. "The Court must reject this argument because it is premised on the unsupported assumption that, despite the law involved, the federal court of [Pfizer's] choice will act more favorable on its position than another federal court. This is patently wrong." *Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 453 (D. Del. 1981).

-10-

Thus, while Sandoz certainly does not dispute the competence of this Court, nor may Pfizer ask this Court to assume the lesser competence of its sister court in New York. "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." *E.I. DuPont de Nemours and Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981). And that bare preference is plainly insufficient to justify retention of even a first-filed case, where (as here) it is grounded in no other connection between the forum and the suit, and is instead born of a desire to shun a court before which the plaintiff is already a party. *Id.* at 591-92 (transferring first-filed action where plaintiff "plainly chose its own convenience in preference to entering into two lawsuits already pending in federal court") (citing *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964) ("[t]he power to defeat a transfer to the convenient federal forum should derive from the rights and privileges conferred by federal law and not from the deliberate conduct of a party favoring trial in an inconvenient forum").[11]

Keenly aware of this problem, Pfizer attempts to muster a litany of purported connections between Delaware and this case, but each is unavailing. For instance, Pfizer notes that it is incorporated in Delaware. *See* Pfizer's Opening Brief at 7. But this Court's case law uniformly

---

[11] As explained in Sandoz' opening Brief in support of its Motion to Sever and Transfer, Pfizer's desire to avoid the Southern District of New York for the actions against Teva and Sandoz filed here apparently stems from the inconsistent position Pfizer took in its original case against Teva in the New York court. When suing on the prior art '489 patent, Pfizer alleged in New York that Teva's products comprised azithromycin dihydrate; now suing under the '243 patent, Pfizer alleges that Teva's products comprise azithromycin sesquihydrate. *See* D.I. 9, at 8 and Exhibit D at ¶¶ 13-15. The reversal is inconvenient, particularly now that Pfizer faces a claim for attorneys' fees in the Southern District of New York for having brought the first case without basis. *See* D.I. 21, Exhibit E at 7-8. But the first-filed doctrine does not entitle Pfizer to switch courts for the mere purpose of switching theories, or to hold Sandoz hostage in the new forum in the process of doing so.

-11-

holds that such a minimal connection is insufficient to require litigating in this forum.[12]
Similarly, Pfizer argues that Delaware "is centrally located among everyone's headquarters,"
none of which is here. *See* Pfizer's Opening Brief at 7. But, here too, this Court has consistently
rejected the argument "that Delaware is a short distance away from New York, and it would
therefore not be inconvenient for the litigation to proceed here," repeatedly transferring to New
York actions that have little connection to this forum – ***despite the first-filed doctrine***.[13]

Pfizer also points to its "existing working relationships with Delaware attorneys,"
including its counsel in this case. *See* Pfizer's Opening Brief at 7. But it is well settled in this
Circuit that "the convenience of counsel" is not "relevant" to a transfer analysis.[14] That same
reasoning should apply to Pfizer's competing injunction request. Moreover, it is clear that Pfizer
has long engaged New York counsel relating to its azithromycin patents, as evidenced by the
New York litigations involving those patents in which Pfizer has been involved for several years,
and the fact that several of the lawyers who prosecuted the patent in suit work for Pfizer in New
York. *See* Sandoz' Brief in Support of its Motion to Sever and Transfer at 4. Similarly, Pfizer

---

[12] *APV*, 295 F. Supp. 2d at 398-99 (quoting *Green Isle Partners, Ltd. S.E. v. Ritz Carlton Hotel Co.*, No. 01-202-JJF (D. Del. Nov. 2, 2001) ("Where an alternative forum is more convenient and has more substantial connections with the litigation 'incorporation in Delaware will not prevent transfer.'"); *Osram Sylvania*, 2001 WL 34368395 at * 2 (minor sales and minimal presence of sales personnel are insufficient to defeat transfer, despite Delaware incorporation); *Bayer Bioscience*, 2003 WL 1565864 at * 2 (transferring action where "no party maintains operations in Delaware," though one was a Delaware entity).

[13] *E.g.*, *Unicredito Italiano v. JP Morgan Chase Bank*, No. 02-104 GMS, 2002 WL 1378226 at * 2 (D. Del. June 26, 2002) (rejecting argument that "the parties would be able to travel to Delaware in a relatively short time"); *Arrow Communication Labs., Inc. v. John Mezzalingua Assocs., Inc.*, No. 05-357-SLR, 2005 WL 2786691 at * 1, 4 (D. Del. Oct. 26, 2005) (transferring first-filed action to New York where action bore little connection with Delaware and significant connections with New York); *Virgin Wireless*, 201 F. Supp. 2d at 300-01 (same).

[14] *Sherwood Med. Co. v. IVAC Med. Sys., Inc.*, No. 96-305-MMS, 1996 WL 700261 at * 2 n.1 (D. Del. Nov. 25, 1996); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 113 (D. Del. 1992) (citing *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973)).

-12-

argues that it "has been a party to 79 District of Delaware litigations" since 1983. *See* Pfizer's Opening Brief at 7. But without even counting Pfizer's prior azithromycin litigation in New York, the record shows that Pfizer has been a party far more often in New York (over 1770 cases to 79) in less time, and has even ***sued more often in New York***.[15]

Finally, Pfizer contends that "Sandoz has admitted that it is in fact selling products, including infringing products, within the District of Delaware." *See* Pfizer's Opening Brief at 7. But that is incorrect. Sandoz acknowledged only that its products are distributed in Delaware "***by others***" – not Sandoz – as opposed to New York, where Sandoz ships directly.[16] As the Court has repeatedly observed, the mere sale of some of the accused products in this District is far too tenuous a thread to say the claim arose here. *Osram Sylvania*, 2001 WL 34368395 at * 2 n.4; *Everbrite*, 2001 WL 34368396 at * 4 n.6.

Thus, Pfizer's private interest in this forum was at best arbitrary, and at worst, an improper "preference to be elsewhere" than in the New York where it was already litigating about the same technology. *Affymetrix*, 28 F. Supp. 2d at 201. As Pfizer's own authority recognizes, such an unadorned preference "is entitled no weight whatever where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter." *Polaroid Corp. v. Casselman*, 213 F. Supp. 379, 383 (S.D.N.Y. 1962). It is therefore entitled to "no weight whatever" here. *Id.*[17]

---

[15] *Compare* D.I. 21, Exhibits C-D (demonstrating Pfizer as a party in 1772 cases in the Southern District of New York since 1987; 53 as plaintiff) *and* D.I. 13, Exhibit G (demonstrating Pfizer as a party in 79 cases in the District of Delaware since 1983, 35 as plaintiff).

[16] *See* Sandoz' Opening Brief in Support of its Motion to Sever and Transfer at 11 n.10 and Pomerantz Dec. at ¶¶ 8-9.

[17] *See also APV*, 295 F. Supp. 2d at 399 (where patents at issue related to machinery manufactured elsewhere, and no infringement was alleged to have occurred in Delaware, it was "appropriate to give the plaintiff's choice of forum less deference"); *Virgin Wireless*, 201 F.

-13-

## CONCLUSION

For the forgoing reasons, Defendant Sandoz Inc. respectfully requests the Court to deny

Plaintiff Pfizer Inc.'s Motion to Enjoin Sandoz from prosecuting its declaratory judgment action

in the Southern District of New York, and instead grant Sandoz' Motion to Sever and Transfer

the claims against Sandoz Inc. in this action to the Southern District of New York.

Dated:  April 3, 2006

OF COUNSEL:
Kelly L. Morron
Schiff Hardin LLP
623 Fifth Avenue
28th Floor
New York, New York 10022

Roger Pascal
Andrew M. Alul
Kathryn S. Devine
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Matthew W. King  (#4566)
King@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700 (phone)
(302) 651-7701
ATTORNEYS FOR DEFENDANT
SANDOZ, INC.

---

Supp. 2d at 300 ("plaintiffs' preference for Delaware is not given as much deference because they have not chosen their 'home turf'"); *Brunswick*, 2000 WL 1876477 at * 2 ("the plaintiff's preference for Delaware is not given as much deference because most of the events at issue, that is, the design and manufacture of the exercise equipment, occurred outside of Delaware"); *Affymetrix*, 28 F. Supp. 2d at 199 ("the weaker the connection between the forum and *either* the plaintiff *or* the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer") (emphasis in original, citing cases); *Tiegel Mfg. Co. v. Globe-Union, Inc.*, No. 84-483-WKS, 1984 WL 24 at * 4 (D. Del. Oct. 23, 1984) ("Where a plaintiff has gone to a distant forum ... the showing of inconvenience to the defendant, inconvenience to the witnesses, and the interests of justice which is necessary to tip the balance in favor of transfer is considerably less than it would have been in the case where the plaintiff filed suit on his own 'home turf.'").

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted:

### BY HAND

Rudolf E. Hutz
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

Matthew W. King (#4566)
king@rlf.com

# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PFIZER INC.,<br><br>               Plaintiff,<br><br>     v.<br><br>TEVA PHARMACEUTICALS USA and<br>TEVA PHARMACEUTICAL INDUSTRIES<br>LTD.<br><br>               Defendants. | Civil Action No. 06-89 (GMS) |

**SUPPLEMENTAL DECLARATION OF CYNTHIA LAMBERT HARDMAN, ESQ. IN SUPPORT OF THE MOTION OF DEFENDANTS TEVA PHARMACEUTICALS USA, INC. AND TEVA PHARMACEUTICAL INDUSTRIES LTD. TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)**

I, Cynthia Lambert Hardman, Esq. hereby declare as follows:

1.  I am an attorney-at-law of the state of New York and an associate of the law firm Kenyon & Kenyon LLP, counsel, together with Morris, James, Hitchens & Williams LLP, for defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (collectively, "Teva") in this action. I previously made a declaration in support of Teva's Motion to Transfer Venue to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a), and make this supplemental declaration in further support of that motion. The lettering scheme used for the attached exhibits follows consecutively from my initial supporting declaration.

2.  Kenyon & Kenyon LLP is counsel to Teva USA in *Teva Pharmaceuticals USA, Inc. v. Pfizer Inc.*, 03cv7423 and 04cv4979 (LAP) (consolidated), currently pending in the United States District Court for the Southern District of New York ("the New York Action"). I

have participated in several conferences held before the Hon. Loretta A. Preska during the

pendency of the New York Action. Technological issues relating to the New York Action were

discussed during some of these conferences, including but not limited to the January 11, 2005

status conference held in Judge Preska's chambers, as well the teleconference that was held on

February 17, 2006.

      3.    Teva's Declaratory Judgment Complaint against Pfizer Inc. ("Pfizer") in the

Southern District of New York, *Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical

Industries Ltd. v. Pfizer Inc.*, 06cv1134 ("Teva's DJ Action"), was filed with a Civil Cover Sheet

that indicated that the case was related to the New York Action, as well as a Statement of

Related Case that explained why the New York Action was related to Teva's DJ Action.

Attached hereto as Exhibits J-K are true and correct copies of the Civil Cover Sheet and the

Statement of Related Case, respectively.

      4.    On February 15, 2006, Teva submitted a letter to Judge Preska informing her of

Teva's DJ action, and the fact that Teva had indicated on the Civil Cover Sheet that the case is

related to the New York Action. Attached hereto as Exhibit L is a true and correct copy of that

letter (without attachments).

      5.    On February 17, 2006, Judge Preska held a teleconference with the parties'

counsel in the New York Action. Prior to that teleconference, the parties' counsel also had

submitted letters to Judge Preska addressing (i) Pfizer's request for dismissal of the New York

Action, or in the alternative, leave to file a motion to dismiss that action, (ii) Teva's motion for

attorneys' fees in the New York Action, and (iii) the current action filed by Pfizer in Delaware.

These letters contain information designated as highly confidential pursuant to the protective

order in the New York Action, and therefore are not attached hereto.

2

6.      During the February 17, 2006 teleconference, the parties' counsel discussed with Judge Preska the instant action, Teva's DJ Action, and Teva's motion for attorneys' fees in the New York Action. Judge Preska asked Pfizer whether it intended to use any potential dismissal of the New York Action as grounds to oppose Teva's motion to transfer the instant action to the Southern District of New York. Pfizer's counsel did not provide any reassurance that it would not do so. Judge Preska thereafter decided not to dismiss the action, and instead issued the order attached as Exhibit F to my initial declaration.

7.      On February 24, 2006, Judge Preska accepted the assignment of Teva's DJ Action as related to the New York Action. Attached hereto as Exhibit M is a true and correct copy of a court memorandum reflecting the assignment of Teva's DJ Action to Judge Preska. Attached as Exhibit N is the docket sheet indicating that the cases are related.

8.      On March 7, 2006, Pfizer filed its Answer in Teva's DJ Action, asserting counterclaims of infringement. Pfizer did not move to dismiss Teva's DJ Action. On March 13, 2006, Teva replied to Pfizer's counterclaims.

9.      On March 15, 2006, pursuant to Orders dated February 17, 2006 and March 3, 2006, Teva USA filed its motion for attorneys' fees and non-taxable costs in the New York Action. Teva's motion addresses, *inter alia*, the analytical testing of Teva's azithromycin products that Teva and Pfizer conducted in the New York Action, as well as conclusions drawn from those tests. The papers supporting this motion were filed under seal pursuant to the protective order in the New York Action and therefore are not attached hereto.

10.      Attached hereto as Exhibit O is a true and correct copy of a printout from LexisNexis Courtlink showing cases in the Southern District of New York, since 1983, in which Pfizer has been a party.

3

11.     According to http://maps.yahoo.com, Newark International Airport is approximately 12.5 miles from the Southern District of New York and approximately 114 miles from the District of Delaware. A printout is attached as Exhibit P.

12.     Based on the flight information provided at Exhibit I to the Declaration of Daniel C. Mulveny, Esq. In Support of Plaintiff Pfizer's Answering Brief In Opposition to Defendants' Motion to Transfer Venue to the Southern District of New York, round trip flights from Israel to Philadelphia that connect in Europe have connection times between flights that range from approximately 2 hours and 40 minutes to 32 hours and 55 minutes.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date:  March 16, 2006

Cynthia Lambert Hardman

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2006, I electronically filed the foregoing document, **SUPPLEMENTAL DECLARATION OF CYNTHIA LAMBERT HARDMAN, ESQ. IN SUPPORT OF THE MOTION OF DEFENDANTS TEVA PHARMACEUTICALS USA, INC. AND TEVA PHARMACEUTICAL INDUSTRIES LTD. TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Rudolf E. Hutz
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 16th day of March, 2006, the foregoing document was served as indicated:

**VIA HAND DELIVERY**
Rudolf E. Hutz, Esq.
Daniel C. Mulveny, Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19801

Dated: March 16, 2006          By:_____*/s/ Mary B. Matterer*_____
                                      Mary B. Matterer (#2696)
                                      MORRIS JAMES HITCHENS & WILLIAMS LLP
                                      222 Delaware Avenue, 10th Floor
                                      Wilmington, DE 19899-2306
                                      (302) 888-6800
                                      mmatterer@morrisjames.com

                                      *Counsel for Defendant*
                                      *Teva Pharmaceutical Industries Ltd.*