IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 06-90-(JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| SANDOZ INC. AND NOVARTIS AG | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWERING BRIEF OF DEFENDANT SANDOZ INC.
IN OPPOSITION TO RULE 12(F) MOTION OF PLAINTIFF PFIZER INC.
TO STRIKE THE FIFTH AFFIRMATIVE DEFENSE IN SANDOZ' ANSWER,
OR ALTERNATIVE RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT**

OF COUNSEL:

Kelly L. Morron
Schiff Hardin LLP
623 Fifth Avenue
28th Floor
New York, NY 10022
(212)753-5000

Roger Pascal
Andrew M. Alul
Kathryn S. Devine
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312)258-5500

Dated: April 3, 2006

Frederick L. Cottrell, III  (#2555)
(Cottrell@RLF.com)
Matthew W. King  (#4566)
(King@RLF.com)
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Attorneys for Defendant Sandoz Inc.

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1
ARGUMENT ......................................................................................................................... 2
    I.     Sandoz' Fifth Affirmative Defense Is Not Governed By Rule 9(b). ...................... 2
    II.    Pfizer's Motions Under Rules 12(e) and (f) Improperly Attempt to
           Circumvent Discovery. .......................................................................................... 5
CONCLUSION ..................................................................................................................... 9

## TABLE OF AUTHORITIES

                                                                                                                                   **Page**

**Cases**

*ADC Telecomm., Inc. v. Siecor Corp.*,
   954 F. Supp. 820 (D. Del. 1997) .................................................................................. 4

*Allen Eng'g Corp. v. Bartell Indus., Inc.*,
   299 F.3d 1336 (Fed. Cir. 2002) ................................................................................... 6

*Applera Corp., MDS Inc. v. Thermo Electron Corp.*,
   No. Civ. A. 04-1230 (GMS), 2005 WL 524589 (D. Del. Feb. 25, 2005) ............... 5, 6

*CFMT, Inc. v. Yieldup Int'l Corp.*,
   No. Civ. A. 95-549-LON, 1996 WL 33140642 (D. Del. April 5, 1996) .............. 5, 6, 7

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys. LLC*,
   350 F.3d 1327 (Fed. Cir. 2003) ................................................................................... 3

*Great Plains Lab., Inc. v. Metametrix Clinical Lab.*,
   No. 04-2125-GTV, 2004 WL 2491653 (D. Kan. Nov. 3, 2004) ............................. 3, 4

*McKesson Inf. Solutions, LLC v. The Trizetto Group, Inc.*,
   No. 04-1258-SLR, 2005 WL 914776 (D. Del. Apr. 20, 2005) ............................... 5, 6

*Medinol Ltd. v. Guidant Corp.*,
   No. 03 Civ. 2604(SAS), 2006 WL 346013 (S.D.N.Y. Feb. 15, 2006) ........................ 6

*Omega Eng'g v. Raytek Corp.*,
   334 F.3d 1314, (Fed. Cir. 2003) .................................................................................. 7

*Patel v. Holiday Hospitality Franchising, Inc.*,
   172 F. Supp. 2d 821 (N.D. Tex. 2001) ....................................................................... 3

*Poly-Am., Inc. v. GSE Lining Tech., Inc.*,
   No. CIV. A.3:96-CV-2690, 1998 WL 355477 (N.D. Tex. June 29, 1998) ............ 3, 4

*Resqnet.com Inc. v. Lansa, Inc.*,
   No. 01-3578 (RWS), 2004 WL 1627170 (S.D.N.Y. July 21, 2004) ...................... 3, 4

*Salcer v. Envicon Equities, Corp.*,
   744 F.2d 935 (2d Cir. 1984) ....................................................................................... 6

*Showmaker v. Advanta USA, Inc.*,
   411 F.3d 1366 (Fed. Cir. 2005) ................................................................................... 6

*Spotless Enter. Inc. v. A&E Prods. Group L.P.*,
  294 F. Supp. 2d 322 (E.D.N.Y. 2003) .................................................................................... 7

**Statutes and Rules**

35 U.S.C. § 282(1) ............................................................................................................... 4

Fed. R. Civ. P. 8 ........................................................................................................... *passim*

Fed. R. Civ. P. 9 ........................................................................................................... 1, 2, 3

Fed. R. Civ. P. 12 ......................................................................................................... 2, 5, 7

## INTRODUCTION

Defendant Sandoz Inc. ("Sandoz") submits this Answering Brief in response to the Motion of Plaintiff Pfizer Inc. ("Pfizer") to strike Sandoz' Fifth Affirmative Defense in this action or, alternatively, to compel a more definite statement of that Defense. This Motion was unnecessary and should be summarily rejected, without further waste of the Court's resources.

Apparently anticipating a charge of inequitable conduct against it in this case, Pfizer erroneously assumes in its Motion that Sandoz' Fifth Affirmative Defense made such a charge. Operating from that incorrect premise, Pfizer then complains that the Defense fails to meet the specificity requirements of Federal Rule of Civil Procedure 9 (b) in doing so. But, as Sandoz has already advised Pfizer, Sandoz' Fifth Affirmative Defense alleges neither inequitable conduct nor any fraud. *See* Exhibit A hereto (March 20, 2006 Letter from Roger Pascal to Daniel C. Mulveny). Rather, it alleges prosecution history estoppel precluding assertion of the claims of the patent in suit ("the '243 patent") against Sandoz' products, due to "Pfizer's representations, express and implied, to the United States Patent & Trademark Office in seeking to overcome the patent examiner's rejections of the claims as unpatentable." *Id.*; D.I. 6 (Answer) at ¶ 51.

The law is clear that a defense of prosecution history estoppel is not governed by Rule 9(b) and instead need only meet the general notice pleading requirements of Rule 8 (b) and (e): averments in "short and plain terms" that are "simple, concise, and direct." Nor does Pfizer contend otherwise. Instead, apparently concerned that it will face inequitable conduct allegations in this case, Pfizer insists that Sandoz' Fifth Affirmative Defense ***does*** charge inequitable conduct, even though Sandoz has already confirmed in writing that it ***does not***. *See* Exhibit B hereto (March 20, 2006 Letter from Daniel C. Mulveny to Roger Pascal). This construction of the Defense is compelled, according to Pfizer, because it alleges that the '243 patent is "unenforceable." *Id.* But Pfizer's premise is again incorrect.

While Pfizer may anticipate an inequitable conduct claim in this case, the law is clear that unenforceability may arise from acts unrelated to inequitable conduct which need not be alleged with specificity under Rule 9(b), and need only meet the notice pleading requirement of Rule 8. The same is true of Sandoz' Fifth Affirmative Defense here. Because that Defense more than meets the notice pleading requirement of Rule 8, Pfizer's Motion to Strike it must be denied. Moreover, Pfizer's attempt at this early stage of the litigation to extract greater detail regarding Sandoz' prosecution history estoppel allegation in its Fifth Affirmative Defense, or any inequitable conduct allegation that Sandoz may make in the future, should be rejected as improper attempts to circumvent the discovery required to flesh out those issues. Pfizer's alternative Motion for a More Definite Statement should therefore be denied as well.

## ARGUMENT

### I. Sandoz' Fifth Affirmative Defense Is Not Governed By Rule 9(b).

Based on the incorrect premise that Sandoz' Fifth Affirmative Defense alleges inequitable conduct, Pfizer seeks to strike that Defense on the purported ground that it fails to meet Rule 9(b)'s requirement to plead fraud with particularity. *See* Pfizer's Opening Brief in Support of its Rule 12 (f) Motion to Strike or Alternative Rule 12(e) Motion for More Definite Statement ("Opening Brief") at 3-4. But in fact, Sandoz' Fifth Affirmative Defense alleges neither fraud nor inequitable conduct. Rather, it states that the claims of the '243 patent are unenforceable against Sandoz in view of Pfizer's "representations, express and implied, to the United States Patent & Trademark Office in seeking to overcome the patent examiner's rejections of the claims as unpatentable in view of, *inter alia*, Chinese Patent No. 1114960 A." *See* D.I. 6 (Answer) at ¶ 51. Sandoz has already provided Pfizer with written confirmation that this Defense does not allege inequitable conduct and instead alleges prosecution history estoppel now precluding assertion of the '243 patent against Sandoz' products. *See* Exhibit A.

2

RLF1-2998916-1

Thus, while Pfizer may be correct that an inequitable conduct allegation must meet the specificity requirements of Rule 9(b), that proposition is of no help to Pfizer here. Indeed, the authority Pfizer cites to support that proposition makes clear that Rule 9(b) does not apply to the pleading of patent issues other than inequitable conduct, even those that involve willful wrongdoing. *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys. LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)."). *Ferguson* thus confirms that Rule 9(b) does not apply to a claim for prosecution history estoppel, which requires no allegation of fraud. District court authority is to the same effect, repeatedly holding that allegations other than inequitable conduct -- such as patent misuse, unclean hands, and estoppel -- are similarly not subject to the specificity requirements of Rule 9(b), and need only meet the notice pleading requirement of Rule 8.[1]

Accordingly, the law is clear in both patent and non-patent cases that estoppel allegations need not meet the specificity requirements of Rule 9(b). *E.g., Patel*, 172 F. Supp. 2d at 825; *Poly-America*, 1998 WL 355477 at * 7. Even Pfizer does not contend that prosecution history estoppel is subject to such a heightened pleading standard.[2] Instead, having already been told

---

[1] *Great Plains Lab., Inc. v. Metametrix Clinical Lab.*, No. 04-2125-GTV, 2004 WL 2491653 at * 1 (D. Kan. Nov. 3, 2004) (in patent case, "unclean hands and misuse need only be pleaded pursuant to Fed. R. Civ. P. 8") (citing cases, including *Resqnet.com Inc. v. Lansa, Inc.*, No. 01-3578 (RWS), 2004 WL 1627170 at * 4 (S.D.N.Y. July 21, 2004) ("inequitable conduct, like fraud but unlike misuse, must be pled with particularity") (citing *Ferguson*, 350 F.3d at 1344)); *Poly-Am., Inc. v. GSE Lining Tech., Inc.*, No. CIV. A. 3:96-CV-2690, 1998 WL 355477 at * 7 (N.D. Tex. June 29, 1998) (rejecting argument that estoppel declaratory judgment count in patent case must be plead with particularity under Rule 9 (b): "estoppel is sufficiently plead in accordance with Rule 8 of the Federal Rules of Civil Procedure"); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001 ("Rule 9(b) does not apply to an action for promissory/equitable estoppel because fraud is not an element of this claim").

[2] Notably, the defendant in *Poly-America* also did not suggest that a declaratory judgment claim for prosecution history estoppel must be pled with specificity, and made that argument

3

that Sandoz' Fifth Affirmative Defense does not allege inequitable conduct, Pfizer persists in its contention that the Defense does make such an allegation, merely because it alleges that the '243 patent is "unenforceable" against Sandoz "separate from the request for a judgment of non-infringement." *See* Exhibit B at 1. But here too, the law is of no help to Pfizer.

Section 282 of the Patent Act confirms on its face that "unenforceability" is a defense to patent infringement – distinct from "[n]oninfringement" and "absence of liability for infringement" – that "shall be pleaded" in "any action involving the validity or infringement of a patent." 35 U.S.C. § 282(1). Federal Rule of Civil Procedure 8(c) similarly requires a defense of estoppel to be plead affirmatively.[3] And nowhere is either defense limited to inequitable conduct. On the contrary, as the courts in *Resqnet.com* and *Great Plains* noted, other conduct can render a patent "unenforceable," including patent misuse and unclean hands, neither of which must be pled with particularity.[4] The same is true of prosecution history estoppel. *Cf. Poly-America*, 1998 WL 355477 at * 1, 7 (acknowledging declaratory judgment claim for "invalidity" due to "prosecution history estoppel" and sustaining declaratory judgment claim of "invalidity" due to estoppel pled in conformance with Rule 8). Thus, while Sandoz may well have the option after discovery to plead that the '243 patent is unenforceable for the additional reason that inequitable conduct was committed during its prosecution, Sandoz' current claim of unenforceability does not (and need not) make such an allegation.

---

only with respect to the claim for equitable estoppel, where it was correctly rejected. *Poly-America, Inc.*, 1998 WL 355477 at * 1, 7.

[3] *See ADC Telecomm., Inc. v. Siecor Corp.*, 954 F. Supp. 820, 825 (D. Del. 1997) (equitable estoppel defense not considered before leave obtained to add defense) (citing Rule 8).

[4] *See Resqnet*, 2004 WL at 1627170 at * 4 ("Misuse renders patent unenforceable during the period of misuse"); *Great Plains*, 2004 WL 2491653 at * 1-2 (sustaining counterclaim that patent was unenforceable due to unclean hands and holding that such count need only meet notice pleading requirements of Rule 8).

4

## II. Pfizer's Motions Under Rules 12(e) and (f) Improperly Attempt to Circumvent Discovery.

Once it is established that Sandoz' Fifth Affirmative Defense is subject to only the general notice pleading requirements of Federal Rule of Civil Procedure 8, Pfizer's Motion is revealed as an improper attempt to extract prematurely under Rules 12 (e) and (f) information regarding Sandoz' contentions in this case which Pfizer should properly seek in discovery, just as Sandoz will be required to do. As this Court has repeatedly observed, such tactics are disfavored, particularly at this early stage of litigation.[5] "Courts take this view because the Federal Rules require that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Appelera*, 2005 WL 524589 at *1 (quoting Fed. R. Civ. P. 8(a)(2)). The standards for a motion to strike an affirmative defense under Rule 12 (f) or to compel a more definite statement under Rule 12(e) are therefore stringent.

Neither motion may be granted where the defense under attack complies with the pleading requirements of Rule 8. *See CFMT, Inc.*, 1996 WL 33140642 at * 1 (denying motion to strike invalidity affirmative defense that met the requirements of Rule 8, and holding that where "the pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted"). Moreover, a motion to strike under Rule 12 (f) must be denied, "unless it appears to a certainty" that "the

---

[5] *McKesson Inf. Solutions, LLC v. The Trizetto Group, Inc.*, No. 04-1258-SLR, 2005 WL 914776 at ** 1-2 (D. Del. Apr. 20, 2005) (noting that motions to strike affirmative defenses "are disfavored": "At this state in the litigation, the court declines to strike defendant's affirmative defenses until adequate discovery has been completed."); *Applera Corp., MDS Inc. v. Thermo Electron Corp.*, No. Civ. A. 04-1230 (GMS), 2005 WL 524589 at * 1 (D. Del. Feb. 25, 2005) ("Courts generally view motions for a more definite statement with disfavor, particularly "'where the information sought by the motion could easily be obtained by discovery.'") (quoting *CFMT, Inc. v. Yieldup Int'l Corp.*, No. Civ. A. 95-549-LON, 1996 WL 33140642 at * 1 (D. Del. April 5, 1996) ("Indeed, motions for a more definite statement under Rule 12 (e), which are within the discretion of the Court, are looked upon with disfavor and are consistently denied 'where the information sought by the motion could easily be obtained by discovery.'").

5

movant would succeed despite any state of the facts, which could be proved in support of the defense." *McKesson*, 2005 WL 914776 at *1 (quoting *Salcer v. Envicon Equities, Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *overruled on other grounds*, 478 U.S. 1015 (1986)). Likewise, "a motion for a more definite statement should be granted only where the pleading is so 'vague or ambiguous' that the opponent cannot draft a responsive pleading." *Appelera Corp.*, 2005 WL 524589 at * 1. "Courts have interpreted this rule to mean that the motion should only be granted where the pleading is unintelligible." *Id.* (citing *CFMT, Inc.*, 1996 WL 33140642 at * 1 ("Rule 12(e) 'is plainly designed to strike at unintelligibility rather than want of detail.'") (citing cases).[6]

Sandoz' Fifth Affirmative Defense amply meets the requirements of Rule 8 and therefore easily passes muster under Rules 12(e) and (f). As noted above, the Defense alleges that the '243 patent is unenforceable against Sandoz in view of "Pfizer's representations, express and implied, to the United States Patent & Trademark Office in seeking to overcome the patent examiner's rejections of the claims as unpatentable in view of, *inter alia*, Chinese Patent No. 1114960 A." See D.I. 6 (Answer) at ¶ 51. Pfizer has not suggested that this assertion is an unrecognized defense in patent law, nor can it. It is axiomatic that "[a]n estoppel may arise as a result of amendments that narrow the scope of a claim to satisfy any requirement of the Patent Act," or "on the basis of arguments made during prosecution of the application to secure the allowance of claims."[7]

---

[6] While this action falls within the Federal Circuit's appellate jurisdiction, that court applies regional precedent to pleadings-based issues. *See Showmaker v. Advanta USA, Inc.*, 411 F.3d 1366, 1367-68 (Fed. Cir. 2005) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional circuit.").

[7] *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1350 (Fed. Cir. 2002) (citing cases); *Medinol Ltd. v. Guidant Corp.*, No. 03 Civ. 2604(SAS), 2006 WL 346013 at * 8 (S.D.N.Y. Feb. 15, 2006) (citing cases).

6

While this latter "argument-based estoppel" closely resembles the principle that such prosecution arguments may narrow the literal scope of a patent claim and thus preclude a finding of literal infringement in the first instance (sometimes termed "prosecution disclaimer"), the two doctrines are distinct.[8]  Thus, contrary to Pfizer's suggestion, Sandoz appropriately pled its non-infringement and unenforceability defenses separately.  *See* D.I. 6 at Second, Third, and Fifth Affirmative Defenses.  In so doing, Sandoz gave Pfizer ample notice of Sandoz' contentions that it has not literally infringed the '243 patent in the first instance (Second and Third Defenses), and that the '243 patent claims are also unenforceable against Sandoz' products under the doctrine of equivalents, in view of the positions Pfizer took during the patent's prosecution (Fifth Defense).  Sandoz having apprised Pfizer of that correct contention, Rules 8 and 12 require no more.

On the contrary, Pfizer's attempt to extract more detail regarding Sandoz' defenses at this early stage of the litigation is contrary to the spirit and intent of the Federal Rules in general.  "It is well recognized that where a party is able to discharge his pleading obligations under the Federal Rules of Civil Procedure, a Rule 12 (e) motion made to obtain a *better* affirmative pleading, thus enabling the moving party to provide a more enlightened or accurate response, will be denied, particularly if the matter sought is a proper subject for discovery."  *CFMT, Inc.*, 1996 WL 33140642 at * 2 (emphasis in original).  Pfizer itself has taken cover under that cloth by declining to specify what patent claims it believes Sandoz has infringed or how, instead alleging merely that Sandoz' products "are covered by one or more claims of the '243 patent."

---

[8] *Omega Eng'g v. Raytek Corp.*, 334 F.3d 1314, 1326 n.1 (Fed. Cir. 2003) ("our precedent has recognized a relation between the doctrines of argument-based estoppel and prosecution disclaimer"); *Spotless Enters. Inc. v. A&E Prods. Group L.P.*, 294 F. Supp. 2d 322, 339 (E.D.N.Y. 2003) ("the Federal Circuit has noted that the standard set forth for prosecution disclaimer 'is the same standard applicable, in the context of the doctrine of equivalents, to the doctrine of argument-based estoppel'") (quoting *Omega Eng'g*, 334 F.3d at 1326 n.1).

*See* D.I. 1 (Complaint) at ¶¶ 24, 25, 29, 33.[9] Until Pfizer offers its theory of how and why Sandoz has allegedly infringed the '243 patent, it is in no position to demand tutelage from Sandoz about how and why it has not.

---

[9] Pfizer's timidity on the subject is likely due to the fact that the '243 patent "is directed to crystalline azithromycin sesquihydrate" (Pfizer's Opening Brief at 1), whereas Sandoz' azithromycin products comprise azithromycin monohydrate. But that issue, as well as any inequitable conduct allegation Sandoz may make in the case, must properly await the discovery contemplated by the Federal Rules.

## CONCLUSION

For the foregoing reasons, Plaintiff Sandoz Inc. respectfully requests the Court to deny Defendant Pfizer's Rule 12 (f) Motion to Strike Sandoz' Fifth Affirmative Defense and Alternative Rule 12(e) Motion for More Definite Statement.

Dated: April 3, 2006

 

/s/ Frederick L. Cottrell, III

| | |
|---|---|
| OF COUNSEL: | Frederick L. Cottrell, III (#2555) |
| Kelly L. Morron | Cottrell@rlf.com |
| Schiff Hardin LLP | Matthew W. King (#4566) |
| 623 Fifth Avenue | King@rlf.com |
| 28th Floor | Richards, Layton & Finger |
| New York, New York 10022 | One Rodney Square |
| | P.O. Box 551 |
| | Wilmington, Delaware 19899 |
| Roger Pascal | (302) 651-7700 (phone) |
| Andrew M. Alul | (302) 651-7701 |
| Kathryn S. Devine | ATTORNEYS FOR DEFENDANT |
| Schiff Hardin LLP | SANDOZ, INC. |
| 6600 Sears Tower | |
| Chicago, Illinois 60606 | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Rudolf E. Hutz
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

/s/ Matthew W. King
Matthew W. King (#4566)
king@rlf.com

# EXHIBIT A



Roger Pascal
312.258.5663
rpascal@schiffhardin.com

6600 Sears Tower
Chicago, Illinois 60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

March 20, 2006

**VIA E-MAIL AND FACSIMILIE**

Daniel C. Mulveny
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

    Re:    Pfizer Inc. v. Sandoz Inc., C. A. No. 06-90-JJF

Dear Mr. Mulveny:

We write in response to your inquiries with Mr. Cottrell late on Friday and again this morning seeking Sandoz' consent to a motion to strike its Fifth Affirmative Defense in the above case, which motion we understand Pfizer intends to file today. We also understand that, despite Mr. Cottrell's explanation that we have as yet been unable to reach and confer with our client regarding your request (only having first received it on Friday evening), you were unwilling to allow Mr. Cottrell until tomorrow to do so.

While your refusal to allow time for a response prevents the meaningful exchange contemplated by the District of Delaware's Local Rules, we nevertheless write to advise you that Pfizer appears to have misunderstood the nature of Sandoz' Fifth Affirmative Defense, as it has also misunderstood the nature of Count III of Sandoz' Declaratory Judgment Complaint in the Southern District of New York. Both assert that the '243 patent is unenforceable against Sandoz in view of Pfizer's representations, express and implied, to the United States Patent & Trademark Office in seeking to overcome the patent examiner's rejections of the claims as unpatentable. Thus, both allege that Pfizer's representations during prosecution now prevent assertion of the patent claims against Sandoz' products and gave rise to prosecution history estoppel, not inequitable conduct as Pfizer apparently anticipates.

Accordingly, while Sandoz may well allege in the future that inequitable conduct was committed during prosecution of the '243 patent thereby rendering the patent unenforceable on that additional ground, that is a matter for further discovery. Nevertheless, Sandoz is fully entitled now to raise prosecution history estoppel as a defense in this case and as a basis for a declaratory judgment claim in the Southern District of New York. Such allegations do not implicate Federal Rule of Civil Procedure 9(b), which we understand to be the basis for the motion Pfizer intends to file today in the District of Delaware, as it was the basis for Pfizer's recent motion directed at Count III of Sandoz' Declaratory Judgment Complaint in the Southern District of New York.



Rudolf E. Hutz
March 20, 2006
Page 2

We hope this correspondence prevents Pfizer from troubling a second Court with unnecessary motion practice.

Sincerely,

Roger Pascal

# EXHIBIT B

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

Daniel C. Mulveny
Associate

TEL (302) 884-6593
FAX (302) 658-5614
EMAIL dmulveny@cblh.com
REPLY TO Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

March 20, 2006

**VIA EMAIL AND TELEFAX**
Roger Pascal, Esquire
**Schiff Hardin, LLP**
623 Fifth Avenue
28th Floor
New York, NY 10022

Re:   Pfizer Inc v. Sandoz Inc. et al.,
      Civil Action No. 06-90-JJF (D. Del.)

Dear Mr. Pascal:

In response to your March 20, 2006 letter, we have filed our motion to strike or for a more definite statement regarding Sandoz's Fifth Affirmative Defense. The motion was part of a collection of filings that were being made at the time we received your letter.

We were surprised that you could not respond immediately to our request because you were well-aware of the need for the motion. Pfizer made a similar motion (on similar grounds) on March 8th to dismiss Count III of Sandoz's Declaratory Judgment Complaint in the Southern District of New York. That motion to dismiss was filed nearly two weeks ago and we did not heard anything from you about a possible "misunderstanding" until today.

Prompted by your letter, we again reviewed Sandoz's Fifth Affirmative Defense and still find it to be directed to a claim of unenforceability for alleged inequitable conduct. And we still find it to be devoid of the necessary detail required by Rule 9(b).

Further, we disagree with you that Sandoz's Fifth Affirmative Defense alleges a defense of prosecution history estoppel. The Fifth Affirmative Defense states: "The '243 patent is unenforceable against Sandoz" and the Answer seeks a judgment that "the '243 patent is unenforceable against Sandoz." This is separate from the request for a judgment of non-infringement. Thus, our conclusion remains that the only reasonable interpretation of the Fifth Affirmative Defense is that it attempts to plead a claim of unenforceability for inequitable conduct.

Roger Pascal, Esquire
March 20, 2006
Page 2

    Nevertheless, we are open to Sandoz filing an appropriately-amended Answer and Affirmative defenses, and likely would not oppose that filing. Of course, we would then withdraw our motion to strike or for a more definite statement.

                                             Sincerely,

                                             Daniel C. Mulveny

DCM
453959_1.DOC