IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-90-JJF |
| | : | |
| SANDOZ INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is the Motion Of Defendant Sandoz Inc. To Sever And Transfer Claims To The Southern District Of New York (D.I. 8). For the reasons discussed, the Motion will be denied.

**I.   BACKGROUND**

On February 8, 2006, Pfizer, Inc. ("Pfizer") filed its Complaint in this Court, alleging that Sandoz, Inc. ("Sandoz") infringes United States Patent No. 6,977,243 ("the '243 patent") and that Novartis AG, Sandoz' parent company, actively induced Sandoz' infringement.[1] On the same day, Pfizer filed another Complaint in the District of Delaware against Teva Pharmaceutical Industries, Ltd. ("Teva"), also alleging infringement of the '243 patent. Pfizer, Inc. v. Teva Pharms. USA et al., No. 06-cv-00089-GMS. The '243 patent discloses azithromycin sesquihydrate, which Pfizer sells under the name Zithromax.

There are three actions, which Sandoz contends are related,

---

[1] The parties have since filed a stipulation dismissing Novartis AG as a party. (D.I. 31).

currently pending in the United States District Court for the Southern District of New York. The first action was filed by Teva as a declaratory judgment action, and Pfizer responded with compulsory counterclaims, which are the only claims that remain pending. That case involves United States Patent Nos. 6,268,489 ("the '489 patent"), which claims azithromycin dihydrate, and 5,605,889 ("the '889 patent), which claims a certain oral dosage of azithromycin. Also pending are two declaratory judgment actions filed by Teva and Sandoz, involving the '243 patent, which were filed after Pfizer initiated the Delaware actions.

## II.  PARTIES CONTENTIONS

By its Motion, Sandoz contends that the Court should transfer the instant action to the United States District Court for the Southern District of New York. In support of this contention, Sandoz argues that New York is the best forum because there are three related actions pending there, it is convenient for witnesses and for Sandoz, and Pfizer is headquartered there.

In response, Pfizer contends that Sandoz has failed to give reasons for transfer sufficient to defeat Pfizer's choice of forum. Pfizer argues that this action is the first-filed action relating to the '243 patent and that the '243 patent is unrelated to the '489 and '889 patents. Pfizer further contends that the first action instituted by Teva in New York is closed as to the merits of infringement and invalidity because Pfizer granted Teva

2

covenants not to sue, leaving only Teva's claim for attorney's fees. Finally, Pfizer contends that Delaware is easily accessed by and convenient for all parties and witnesses.

### III. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit apply the public and private interest factors outlined in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995). With regards to the private interests, courts consider: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, again, only to the extent that they may not be available in one of the fora. Id. at 879. With regard to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. Id. at 879-80.

A. <u>Whether Plaintiff's Choice Of Forum Is Entitled To "Paramount Consideration"</u>

Of particular importance to a Court's decision to transfer is the plaintiff's choice of forum. A court will give "paramount consideration" to a plaintiff's choice of forum, particularly where the forum is the plaintiff's home turf. Under § 1404(a), "home turf" refers to a corporation's principal place of business. A corporation's decision to incorporate in a particular state is also a rational and legitimate reason to choose to litigate in that state. <u>Stratos Lightwave, Inc. v. E2O Communs., Inc.</u>, 2002 U.S. Dist. LEXIS 5653, C.A. No. 01-309-JJF (D. Del. March 26, 2002).

Pfizer is incorporated in Delaware, and therefore, the Court gives "paramount consideration" to Pfizer's decision to file the instant action in Delaware. Because this factor deserves paramount consideration, Sandoz must demonstrate that the <u>Jumara</u> factors strongly favor a transfer to New York.

B. <u>Whether The Private Interests Strongly Favor Transfer</u>

The Court concludes that the private interests do not strongly favor transfer. As discussed above, the Court gives great weight to Pfizer's choice of forum. Furthermore, New York is no more convenient than Delaware. The parties, witnesses, and records are located in Colorado, Connecticut, New York, and New Jersey. Sandoz does not contend that any witnesses or records will be unavailable for trial in Delaware.

4

The Court also concludes that the pending litigation in New York does not support a transfer of this action. The only issue remaining in the first New York action filed by Teva is attorney's fees. All issues pertaining to infringement and invalidity are now moot due to Pfizer's agreement to a covenant not to sue. While Sandoz relies heavily on the existence of this litigation (D.I. 21 at 7), the Court notes that the litigation involves different patents and Sandoz is not a party to the action. Also important to the Court's decision is the fact that the declaratory judgment actions filed by Sandoz and Teva were filed after Pfizer filed this action in Delaware. For these reasons, the Court concludes that the private interests do not strongly favor transfer.

    C.    <u>Whether The Public Interests Strongly Favor Transfer</u>

The Court concludes that the public interests do not favor transfer. There is no strong local interest in litigating this action in New York, because patent issues do not give rise to a local controversy or implicate local interests. Also, it does not appear that the enforceability of a judgment will be an issue. In sum, the Court concludes that Sandoz has failed to demonstrate that the <u>Jumara</u> factors weigh strongly in favor of transfer, and therefore, the Court will deny the Motion Of Defendant Sandoz Inc. To Sever And Transfer Claims To The Southern District Of New York (D.I. 8).

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion Of Defendant Sandoz Inc. To Sever And Transfer Claims To The Southern District Of New York (D.I. 8) is **DENIED**.

May 19, 2006

_____
UNITED STATES DISTRICT JUDGE