## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PFIZER INC,                          )
                                     )
      Plaintiff,                )    C. A. No. 06-90-(JJF)
                                     )    **JURY TRIAL DEMANDED**
   v.                             )
                                     )
SANDOZ INC.,                         )
                                     )
      Defendant.                )
                                     )

## STIPULATION AND ORDER

     IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned counsel and subject to order of the court, that Defendant Sandoz Inc. is allowed to file and serve its First Amended Answer and Counterclaims, attached hereto as Exhibit A.

/s/ Daniel Mulveny

Rudolf E. Hutz
Daniel Mulveny
Connolly Bove Lodge
& Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
(302) 658-5614 (fax)

*Counsel for Plaintiff*
*Pfizer Inc*

Frederick L. Cottrell, III  (#2555)
(Cottrell@RLF.com)
Matthew W. King  (#4566)
(King@RLF.com)
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Kelly L. Morron
Schiff Hardin LLP
623 Fifth Avenue
28th Floor
New York, New York 10022
(212) 753-5000 (phone)
(212) 753-5044 (fax)

Roger Pascal
Andrew M. Alul
Kathryn S. Devine
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312)258-5500

June 9, 2006

*Counsel for Defendant*
*Sandoz Inc.*

SO ORDERED this ـــــــ day of June, 2006.

_____
Honorable Joseph J. Farnan
U.S.D.J.

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PFIZER INC, | ) |
| | ) |
| Plaintiff, | ) C. A. No. 06-90-(JJF) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| SANDOZ INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT SANDOZ INC.'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS**

**ANSWER**

Defendant Sandoz Inc. ("Sandoz"), by and through its attorneys, responds to each of the

numbered paragraphs to the Complaint filed against it by Plaintiff Pfizer Inc ("Pfizer"), as

follows:

> 1. Pfizer is a corporation organized and existing under the laws of
> the State of Delaware and has corporate offices at 235 East 42nd
> Street, New York, New York 10017.

1.    On information and belief, Sandoz admits the allegations set forth in paragraph 1

of the Complaint.

> 2. Pfizer holds approved New Drug Application No. 050711 for
> azithromycin tablets for oral administration, 250 mg, which it sells
> under the registered name ZITHROMAX.

2.    Upon information and belief, Sandoz admits that Pfizer holds New Drug

Application No. 050711. Upon information and belief, Sandoz further admits that Pfizer markets

pharmaceutical compositions of azithromycin dihydrate in the United States under the trade

name ZITHROMAX®. Sandoz is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint, and,

therefore, denies them.

> 3. Pfizer holds approved New Drug Application No. 050784 for azithromycin tablets for oral administration, 500 mg, which it sells under the registered name ZITHROMAX.

3. Upon information and belief, Sandoz admits that Pfizer holds New Drug

Application No. 050784. Upon information and belief, Sandoz further admits that Pfizer markets

pharmaceutical compositions of azithromycin dihydrate in the United States under the trade

name ZITHROMAX®. Sandoz is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint, and,

therefore, denies them.

> 4. Pfizer holds approved New Drug Application No. 050730 for azithromycin tablets for oral administration, 600 mg, which it sells under the registered name ZITHROMAX.

4. Upon information and belief, Sandoz admits that Pfizer holds New Drug

Application No. 050730. Upon information and belief, Sandoz further admits that Pfizer markets

pharmaceutical compositions of azithromycin dihydrate in the United States under the trade

name ZITHROMAX®. Sandoz is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations set forth in paragraph 4 of the Complaint, and,

therefore, denies them.

> 5. Pfizer also holds approved New Drug Application No. 050710 for azithromycin in an oral suspension (100 mg base/5ml and 200 mg base/5ml, 500 mg); approved New Drug Application No. 050693 for azithromycin in an oral suspension (1 gram base/packet); and approved New Drug Application No. 050733 for azithromycin in injectable form (500 mg base/vial) -- all of which are sold by Pfizer under the registered name ZITHROMAX.

2

5.    Upon information and belief, Sandoz admits that Pfizer holds New Drug Application Nos. 050710 and 050693. Upon information and belief, Sandoz further admits that Pfizer markets pharmaceutical compositions of azithromycin dihydrate in the United States under the trade name ZITHROMAX®. Sandoz is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint, and, therefore, denies them.

> 6.    On information and belief, defendant Sandoz Inc. is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business at 506 Carnegie Center, Suite 400, Princeton, N.J. 08540 and a manufacturing facility at 2555 West Midway Boulevard, Broomfield Colorado 80020.

6.    Sandoz admits the allegations set forth in paragraph 6 of the Complaint.

> 7.    On information and belief, defendant Novartis AG is a corporation or other entity organized and existing under the laws of Switzerland, having its principal place of business at Basel, Switzerland. Sandoz is a wholly-owned subsidiary or division of Novartis AG.

7.    Sandoz admits that Novartis AG is an entity organized and existing under the laws of Switzerland, having its principal place of business in Basel, Switzerland. Sandoz further states that Novartis AG is the ultimate parent corporation of Sandoz. Sandoz denies the remaining allegations set forth in paragraph 7 of the Complaint.

> 8.    This action for patent infringement arises under the patent laws of the United States, United States Code, Title 35. This Court has subject matter jurisdiction over this action pursuant to the provisions of United States Code, Title 28, §§1331 and 1338(a).

8.    Paragraph 8 of the Complaint states legal conclusions which Sandoz neither admits nor denies.

9.    Sandoz Inc. is, upon information and belief, transacting business in Delaware. Accordingly, Sandoz Inc. is subject to personal jurisdiction in this District under 10 Del. Code § 3104.

9.    Sandoz denies the allegations set forth in paragraph 9 of the Complaint.

10. Sandoz Inc. is, upon information and belief, also engaged in activities in Delaware that give rise to the cause of action that is the basis for this complaint. Accordingly, Sandoz Inc. is subject to personal jurisdiction in this District under 10 Del. Code. § 3104.

10.    Sandoz denies the allegations set forth in paragraph 10 of the Complaint.

11.    The activities of Sandoz Inc. that are the basis for this complaint, have been and remain, upon information and belief, under the control and direction of the parent company, Novartis AG. Accordingly, Novartis AG is subject to personal jurisdiction in this District under 10 Del. Code § 3104.

11.    Sandoz denies the allegations set forth in paragraph 11 of the Complaint.

12. Venue is proper in this District pursuant to the provisions of United States Code, Title 28 §§ 1391(c), (d), and 1400(b).

12.    Paragraph 12 of the Complaint states legal conclusions which Sandoz neither admits nor denies.

13. On December 20, 2005 the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,977,243 ("the '243 patent"), entitled "Crystal Forms of Azithromycin", based on an application filed by Zheng J. Li and Andrew V. Trask and assigned to Pfizer. A true and complete copy of the '243 patent as issued is attached hereto as Exhibit A.

13.    Sandoz admits that a copy of United States Patent No. 6,977,243 ("the '243 patent") is attached to the Complaint as Exhibit A. Sandoz further admits that the issue date set forth on the face of the '243 patent is December 20, 2005. Sandoz further admits that the inventors listed on the face of the '243 patent are Zheng J. Li and Andrew V. Trask. Sandoz further admits that the '243 patent is assigned on its face to Pfizer. Sandoz is without knowledge

4

or information sufficient to form a belief as to the truth of the remaining allegations set forth in

paragraph 13 of the Complaint, and, therefore, denies them.

> 14. Errors appeared in the '243 patent as published on December 20, 2005, as a result of mistakes made by the USPTO.

14.    Sandoz is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 14 of the Complaint, and, therefore, denies them.

> 15. On January 18, 2006, Pfizer filed a Request for Certificate of Correction to correct errors in the '243 patent.

15.    Sandoz is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 15 of the Complaint, and, therefore, denies them.

> 16. On February 7, 2006, a Certificate of Correction of the '243 patent duly and legally issued and a true and complete copy of the Certificate of Correction is attached hereto as Exhibit B. The Certificate of Correction was published and appeared on the United States Patent and Trademark Office website on February 8, 2006.

16.    Sandoz admits that a copy of a Certificate of Correction, designated on its face for

the '243 patent, is attached to the Complaint as Exhibit B ("the Certificate of Correction").

Sandoz denies that the Certificate of Correction was "duly and legally issued," as alleged in

paragraph 16 of the Complaint. Sandoz is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint, and,

therefore, denies them.

> 17. The '243 patent, as corrected by the Certificate of Correction, covers azithromycin sesquihydrate.

17.    Sandoz admits that the claims published in the Certificate of Correction recite

certain crystalline forms of azithromycin. Sandoz denies the remaining allegations set forth in

paragraph 17 of the Complaint.

5

18.  Since its issue date, plaintiff Pfizer has been and remains the owner of all right, title and interest in and to the '243 patent, including its Certificate of Correction.

18.    Sandoz is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 18 of the Complaint, and, therefore, denies them.

6

## COUNT I

19. The allegations of paragraphs 1-18 above are repeated and re-alleged as if set forth fully herein.

19.    Sandoz repeats and reasserts its answers to the allegations set forth in paragraphs

1-18 of the Complaint as if fully set forth herein.

20. Upon information and belief, on or about November 14, 2005, Sandoz Inc. received approval for Abbreviated New Drug Application ("ANDA") No. 065211 for azithromycin tablets, 250 mg and continues to have such approval.

20.    Sandoz admits the allegations set forth in paragraph 20 of the Complaint.

21. Upon information and belief, on or about November 14, 2005, Sandoz Inc. received approval for ANDA No. 065212 for azithromycin tablets, 500 mg and continues to have such approval.

21.    Sandoz admits the allegations set forth in paragraph 21 of the Complaint.

22. Upon information and belief, on or about November 14, 2005, Sandoz Inc. received approval for ANDA No. 065209 for azithromycin tablets, 600 mg and continues to have such approval.

22.    Sandoz admits the allegations set forth in paragraph 22 of the Complaint.

23. Upon information and belief, Sandoz Inc. began shipping azithromycin tablets, 250 mg, 500 mg and 600 mg, on, about or after November 14, 2005 and continues to do so, including shipments into the State of Delaware.

23.    Sandoz admits that it began shipping azithromycin monohydrate tablets, 250 mg,

500 mg, and 600 mg, in the United States following receipt of FDA approval of those products in

November 2005. Sandoz denies the remaining allegations set forth in paragraph 23 of the

Complaint.

24. Upon information and belief, the drug products that were the subject of ANDA Nos. 065211, 065212 and 065209, contain azithromycin sesquihydrate and are covered by one or more claims of the '243 patent.

24.    Sandoz denies the allegations set forth in paragraph 24 of the Complaint.

7

25. Upon information and belief, the azithromycin tablets, 250 mg, 500 mg and 600 mg, that Sandoz Inc. began shipping on, about or after November 14, 2005, contain azithromycin sesquihydrate and are covered by one or more claims of the '243 patent.

25. Sandoz denies the allegations set forth in paragraph 25 of the Complaint.

26. Upon information and belief Sandoz has infringed the '243 patent under 35 U.S.C. § 271(e)(2)(A) by reason of ANDA No. 065211 seeking approval from the FDA to engage in the commercial manufacture, use, or sale of tablets, 250 mg, containing azithromycin sesquihydrate prior to the expiration of the '243 patent.

26. Sandoz denies the allegations set forth in paragraph 26 of the Complaint.

27. Upon information and belief Sandoz has infringed the '243 patent under 35 U.S.C. § 271(e)(2)(A) by reason of ANDA No. 065212 seeking approval from the FDA to engage in the commercial manufacture, use, or sale of tablets, 500 mg, containing azithromycin sesquihydrate prior to the expiration of the '243 patent.

27. Sandoz denies the allegations set forth in paragraph 27 of the Complaint.

28. Upon information and belief Sandoz has infringed the '243 patent under 35 U.S.C. § 271(e)(2)(A) by reason of ANDA No. 065209 seeking approval from the FDA to engage in the commercial manufacture, use, or sale of tablets, 600 mg, containing azithromycin sesquihydrate prior to the expiration of the '243 patent.

28. Sandoz denies the allegations set forth in paragraph 28 of the Complaint.

29. Upon information and belief Sandoz has infringed and continues to infringe one or more claims of the '243 patent under 35 U.S.C. § 271(a) by importing into the United States and offering to sell and selling within the United States a product containing azithromycin sesquihydrate prior to the expiration of the '243 patent.

29. Sandoz denies the allegations set forth in paragraph 29 of the Complaint.

30. Pfizer will be irreparably harmed if Sandoz Inc. is not enjoined from infringing the '243 patent.

8

30.    Sandoz denies the allegations set forth in paragraph 30 of the Complaint.

## COUNT II

31.  Pfizer repeats and re-alleges paragraphs 1-30 above as if fully set forth herein.

31.    Sandoz repeats and reasserts its answers to the allegations set forth in paragraphs

1-30 of the Complaint as if fully set forth herein.

32.  On information and belief, Defendant Novartis AG actively participated in the research and development of the azithromycin products which are the subject of ANDA Nos. 065211, 065212 and 065209 and was responsible for and controlled the preparation, filing and prosecution of these ANDAs.

32.    Sandoz denies the allegations set forth in paragraph 32 of the Complaint.

33.  Upon information and belief, Defendant Novartis AG has actively engaged in activities relating to the importation, manufacture, use, sale or offer for sale of azithromycin tablets, 250 mg, 500 mg and 600 mg that Sandoz Inc. began shipping on, about or after November 14, 2005, and those activities induced Sandoz Inc. to undertake such importation, manufacture, use, sale or offer for sale of the azithromycin tablets whereby Sandoz Inc. directly infringed one or more claims of the '243 patent.

33.    Sandoz denies the allegations set forth in paragraph 33 of the Complaint.

34.  Defendant Novartis AG is therefore liable as an infringer of the '243 patent under 35 U.S.C. § 271(b) by actively inducing Sandoz Inc. to directly infringe the '243 patent.

34.    Sandoz denies the allegations set forth in paragraph 34 of the Complaint.

35.  Pfizer will be irreparably harmed if Novartis AG is not enjoined from inducing the infringement of the '243 patent.

35.    Sandoz denies the allegations set forth in paragraph 35 of the Complaint.

## COUNT III

36.  Pfizer repeats and re-alleges paragraphs 1 through 35 above as if fully set forth herein.

9

36.    Sandoz repeats and reasserts its answers to the allegations set forth in paragraphs 1-35 of the Complaint as if fully set forth herein.

> 37.    This Count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties. Sandoz Inc. has taken immediate and active steps to continue the use, sale and/or offer for sale in the United States, and specifically in the State of Delaware, of the azithromycin tablets, 250 mg, 500 mg and 600 mg that Sandoz Inc. began shipping on, about or after November 14, 2005.

37.    The first sentence of paragraph 37 of the Complaint states legal conclusions which Sandoz neither admits nor denies. Sandoz admits that it began selling and shipping azithromycin monohydrate tablets, 250 mg, 500 mg, and 600 mg, in the United States following receipt of FDA approval of those products in November 2005. Sandoz denies the remaining allegations set forth in paragraph 37 of the Complaint.

> 38.    Upon information and belief, Sandoz Inc. intends to offer to sell, sell or use within the United States, and specifically within the State of Delaware, the azithromycin tablets, 250 mg, 500 mg and 600 mg that Sandoz Inc. began  shipping on, about or after November 14, 2005, prior to the expiration of the '243 patent.

38.    Sandoz admits that it began selling and shipping azithromycin monohydrate tablets, 250 mg, 500 mg, and 600 mg, in the United States following receipt of FDA approval of those products in November 2005, and that it intends to continue to do so. Sandoz denies the remaining allegations set forth in paragraph 38 of the Complaint.

> 39.    Upon information and belief, Sandoz Inc.'s activities as described in paragraph 38 will infringe the '243 patent under 35 U.S.C. § 271(a).

39.    Sandoz denies the allegations set forth in paragraph 39 of the Complaint.

> 40.  Pfizer will be irreparably harmed if Sandoz Inc. is not enjoined from infringing the '243 patent.

40.    Sandoz denies the allegations set forth in paragraph 40 of the Complaint.

10

## COUNT IV

> 41. Pfizer repeats and re-alleges paragraphs 1 through 40 above as if fully set forth herein.

41.    Sandoz repeats and reasserts its answers to the allegations set forth in paragraphs 1-40 of the Complaint as if fully set forth herein.

> 42. This Count arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties. Novartis AG has taken immediate and active steps to induce Sandoz Inc. to continue the use, sale and/or offer for sale in the United States, and specifically in the State of Delaware, of the azithromycin tablets, 250 mg, 500 mg and 600 mg that Sandoz Inc. began shipping on, about or after November 14, 2005.

42.    The first sentence of paragraph 42 of the Complaint states legal conclusions which Sandoz neither admits nor denies. Sandoz denies the remaining allegations set forth in paragraph 42 of the Complaint.

> 43. Upon information and belief, Sandoz Inc. intends to offer to sell, sell or use within the United States, and specifically within the State of Delaware, the azithromycin tablets, 250 mg, 500 mg and 600 mg that Sandoz Inc. began  shipping on, about or after November 14, 2005, prior to the expiration of the '243 patent, and Novartis AG has actively induced Sandoz to engage in these activities.

43.    Sandoz admits that it began selling and shipping azithromycin monohydrate tablets, 250 mg, 500 mg, and 600 mg, in the United States following receipt of FDA approval of those products in November 2005, and that it intends to continue to do so. Sandoz denies the remaining allegations set forth in paragraph 43 of the Complaint.

> 44. Upon information and belief, Sandoz Inc.'s activities as described in paragraph 43 will directly infringe the '243 patent under 35 U.S.C. § 271(a). Accordingly, Novartis AG's activities as described in paragraph 43 will infringe the '243 patent under 35 U.S.C. § 271(b).

11

44.    Sandoz denies the allegations set forth in paragraph 44 of the Complaint.

45.    Pfizer will be irreparably harmed if Novartis AG is not enjoined from infringing the '243 patent.

45.    Sandoz denies the allegations set forth in paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

46.    Further responding to the Complaint, and as additional defenses thereto, Sandoz asserts the following affirmative defenses, without admitting any allegations of the Complaint not otherwise admitted and without assuming the burden when such burden would otherwise be on Pfizer.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can be Granted)

47.    The allegations in the Complaint regarding Sandoz' submission of ANDA Nos. 065211, 065212, and 065209 seeking FDA approval to market the 250 mg, 500 mg, and 600 mg azithromycin tablets described therein prior to the expiration of the '243 patent fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement of the '243 Patent)

48.    Sandoz' submission of ANDA Nos. 065211, 065212, and 065209 seeking FDA approval to market the 250 mg, 500 mg, and 600 mg azithromycin tablets described therein prior to the expiration of the '243 patent has not infringed any of the claims of the '243 patent.

### THIRD AFFIRMATIVE DEFENSE
### (Noninfringement of the '243 Patent)

49.    Sandoz' manufacture, use, offer for sale, sale, or importation of its 250 mg, 500 mg, and 600 mg azithromycin tablets approved under ANDA Nos. 065211, 065212, and 065209,

respectively, has not infringed, and does not and will not infringe, any of the claims of the '243 patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of the '243 Patent)

50.     Each of the claims of the '243 patent is invalid for failing to meet at least one condition for patentability set forth in 35 U.S.C. § 101 *et seq*, including, but not limited to, §§ 101, 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Unenforceability of the '243 Patent)

51.     The '243 patent is unenforceable against Sandoz in view of Pfizer's representations, express and implied, to the United States Patent & Trademark Office in seeking to overcome the patent examiner's rejections of the claims as unpatentable.

WHEREFORE, Sandoz denies that Pfizer is entitled to any relief, either as prayed for or otherwise, and itself prays for entry of Judgment as follows:

(a)     dismissing Pfizer's Complaint in its entirety;

(b)     adjudging that Sandoz has not infringed, and does not and will not infringe, any of the claims of the '243 patent;

(c)     adjudging each and every claim of the '243 patent invalid;

(d)     adjudging the '243 patent unenforceable against Sandoz;

(e)     enjoining Pfizer, its agents, servants, employees, and attorneys, and all persons in active concert or participation with Pfizer, from directly or indirectly charging infringement or instituting any further action for infringement of the '243 patent against Sandoz;

(f)     adjudging that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Sandoz its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(g)     granting Sandoz such other and further relief as this Court deems just and proper.

14

## COUNTERCLAIMS

52.    Further responding to the Complaint, Sandoz alleges the following counterclaims, without admitting any allegations of the Complaint not otherwise admitted and without assuming the burden when such burden would otherwise be on Pfizer.

### THE PARTIES

53.    Sandoz is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business at 506 Carnegie Center, Suite 400, Princeton, N.J. 08540.

54.    Upon information and belief, Pfizer is a corporation organized and existing under the laws of the State of Delaware and has its corporate headquarters at 235 East 42nd Street, New York, New York 10017.

55.    Upon information and belief, Pfizer owns U.S. Patent No. 6,977,243 ("the '243 patent"), entitled "Crystal Forms of Azithromycin," a copy of which, with its Certificate of Correction dated February 7, 2006, is attached hereto as Exhibit A.

56.    Upon information and belief, Pfizer holds New Drug Application No. 050711 for 250 mg azithromycin oral tablets which it sells under the trade name ZITHROMAX®.

57.    Upon information and belief, Pfizer holds New Drug Application No. 050784 for 500 mg azithromycin oral tablets which it sells under the trade name ZITHROMAX®.

58.    Upon information and belief, Pfizer holds New Drug Application No. 050730 for 600 mg azithromycin oral tablets which it sells under the trade name ZITHROMAX®.

15

## JURISDICTION AND VENUE

59.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

60.    This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a case of actual controversy within the Court's jurisdiction seeking a declaratory judgment that the '243 patent is invalid and is not infringed.

61.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE CONTROVERSY

62.    Sandoz holds Abbreviated New Drug Application ("ANDA") No. 065211 for 250 mg azithromycin oral tablets, which was approved by the United States Food and Drug Administration ("FDA") on November 14, 2005 ("250 mg azithromycin tablets"). Sandoz' 250 mg tablets were approved as "bioequivalent" to Pfizer's 250 mg ZITHROMAX® tablets.

63.    Sandoz holds Abbreviated New Drug Application No. 065212 for 500 mg azithromycin oral tablets, which was approved by the FDA on November 14, 2005 ("500 mg azithromycin tablets"). Sandoz' 500 mg tablets were approved as "bioequivalent" to Pfizer's 500 mg ZITHROMAX® tablets.

64.    Sandoz holds Abbreviated New Drug Application No. 065209 for 600 mg azithromycin oral tablets, which was approved by the FDA on November 14, 2005 ("600 mg azithromycin tablets"). Sandoz' 600 mg tablets were approved as "bioequivalent" to Pfizer's 600 mg ZITHROMAX® tablets.

65.    On or about November 14, 2005, Sandoz began commercializing its 250, 500, and 600 mg azithromycin tablets throughout the United States, and continues to do so.

16

66.    On or about February 8, 2006, Pfizer filed the present action against Sandoz alleging infringement of the '243 patent arising from 1) Sandoz' submission of ANDA Nos. 065211, 065212, and 065209, and 2) from Sandoz' commercialization of its 250, 500, and 600 mg azithromycin tablets.

## COUNTERCLAIM COUNT I
### (Declaratory Judgment Of Noninfringement)

67.    Sandoz repeats and re-alleges paragraphs 52-66 above as if fully set forth herein.

68.    Sandoz' commercial manufacture, use, offer for sale, sale, or importation of its 250, 500, and 600 mg azithromycin tablets do not infringe the '243 patent.

69.    Because Sandoz has not infringed the '243 patent, and will not infringe the '243 patent, Pfizer is entitled to no damages or other relief from or against Sandoz for any such infringement.

## COUNTERCLAIM COUNT II
### (Declaratory Judgment Of Invalidity)

70.    Sandoz repeats and re-alleges paragraphs 52-69 above as if fully set forth herein.

71.    One or more of the claims of the '243 patent are invalid for failing to meet a condition for patentability set forth in 35 U.S.C. § 101 *et seq.*  By way of example and not of limitation, any claim construed to encompass any Sandoz' azithromycin tablet would be invalid under 35 U.S.C. § 112.

72.    Because one or more claims of the '243 patent are invalid, Pfizer is entitled to no damages or other relief from or against Sandoz for any infringement of the '243 patent.

## COUNTERCLAIM COUNT III
### (Declaratory Judgment Of Unenforceability)

73.    Sandoz repeats and re-alleges paragraphs 52-72 above as if fully set forth herein.

17

74.    The claims of the '243 patent are unenforceable against Sandoz in view of Plaintiffs representations, express and implied, to the United States Patent & Trademark Office in seeking to overcome the patent examiner's rejections of the claims as unpatentable in view of, *inter alia*, Chinese Patent No. 1114960 A.

75.    Because the '243 patent claims are unenforceable against Sandoz, Pfizer is entitled to no damages or other relief from or against Sandoz for any infringement of the '243 patent.

## PRAYER FOR RELIEF

WHEREFORE, Sandoz respectfully requests the Court enter judgment against Pfizer to include:

(a)    a declaration that Sandoz' submission of ANDA Nos. 065211, 065212, and 065209 seeking FDA approval to market the 250 mg, 500 mg, and 600 mg azithromycin tablets described therein prior to the expiration of the '243 patent has not infringed any of the claims of the '243 patent;

(b)    a declaration that Sandoz' commercial manufacture, use, offer for sale, sale, or importation of its 250, 500, and 600 mg azithromycin tablets has not infringed, and will not infringe, any of the claims of the '243 patent;

(c)    a declaration that the claims of the '243 patent are invalid;

(d)    a declaration that the claims of the '243 patent are unenforceable against Sandoz;

(e)    a declaration that Pfizer is entitled to no damages, interest, costs, or other relief from or against Sandoz for infringement of the '243 patent pursuant to 35 U.S.C. § 271(e)(4)(C) or any other provision or law;

18

(f)    a declaration that Pfizer is entitled to no damages, interest, costs, or other relief from or against Sandoz for infringement of the '243 patent pursuant to 35 U.S.C. § 284 or any other provision or law;

(g)    adjudging that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Sandoz its reasonable attorneys' fees, expenses, and costs incurred in this action; and

(h)    granting Sandoz such other and further relief as the Court deems just and proper.

### JURY DEMAND

Sandoz demands a trial by jury of all issues so triable.

OF COUNSEL:

Kelly L. Morron
Schiff Hardin LLP
623 Fifth Avenue
28th Floor
New York, New York 10022
(212) 753-5000 (phone)
(212) 753-5044 (fax)

Roger Pascal
Andrew M. Alul
Kathryn S. Devine
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312)258-5500

Dated:  June 9, 2006

_____

Frederick L. Cottrell, III  (#2555)
(Cottrell@RLF.com)
Matthew W. King  (#4566)
(King@RLF.com)
Richards, Layton & Finger
One Rodney Square
920 N. King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700

Attorneys for Sandoz Inc.

19