IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER, INC., | : | |
|     Plaintiff, | : | |
| v. | : | Civil Action No. 06-90-JJF |
| SANDOZ INC., | : | |
|     Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Pfizer Inc.'s Contingent Motion To Enjoin Defendant Sandoz From Proceeding With Its Later-Filed Suit In The Southern District of New York (D.I. 15). For the reasons discussed, the Motion will be granted.

**I.   BACKGROUND**

On February 8, 2006, Pfizer, Inc. ("Pfizer") filed its Complaint in this Court, alleging that Sandoz, Inc. ("Sandoz") infringes United States Patent No. 6,977,243 ("the '243 patent"). On the same day, Pfizer filed another Complaint in the District of Delaware against Teva Pharmaceutical Industries, Ltd. ("Teva"), also alleging infringement of the '243 patent. The Teva case was initially assigned to Judge Sleet. Pfizer, Inc. v. Teva Pharms. USA et al., No. 06-cv-00089-GMS.

After Pfizer filed its Complaints in the District of Delaware, Teva and Sandoz filed suit in the Southern District of New York, seeking declaratory judgments of non-infringement, invalidity, and unenforceability of the '243 patent. Teva and Sandoz then sought to have the Delaware actions transferred to

the Southern District of New York. In response, Pfizer filed the instant motion to enjoin the New York action, should the motions to transfer be denied. Both Judge Sleet and I denied the motions to transfer, and Judge Sleet denied Pfizer's motion to enjoin as it related to Teva's declaratory judgment action. The Teva case was subsequently reassigned to me.

## II. DISCUSSION

The first-filed rule allows the Court to enjoin a later-filed proceeding in another federal district court that involves the same parties and issues already before the Court. E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988); Genetech v. Eli Lilly & Co., 998 F.2d 931, 937-38 (Fed. Cir. 1993). "[I]n rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" may prevent application of the first-filed rule. Univ. Of Pennsylvania, 850 F.2d at 971.

The Court concludes that Sandoz' declaratory judgment action in the Southern District of New York should be enjoined. Sandoz filed its declaratory judgment action eight days after Pfizer filed the instant action. Furthermore, the instant action and the declaratory judgment action involve Pfizer and Sandoz and the issues of infringement, invalidity, and unenforceability of the '243 patent. Finally, there is no evidence of inequitable conduct, bad faith, or forum shopping that would prevent the Court from enjoining the declaratory judgment action.

Sandoz contends that the Court should deny Pfizer's Motion because there is litigation, other than the declaratory judgment actions, pending in the Southern District of New York. The related litigation to which Sandoz refers is another declaratory judgment action filed by Teva against Pfizer. As discussed in the Court's Memorandum Order denying Sandoz' motion to transfer, that case does not involve Sandoz or the '243 patent, and further, the only issue remaining in the case is Teva's claim for attorney's fees. (D.I. 32 at 5). Accordingly, the Court will grant Plaintiff Pfizer Inc.'s Contingent Motion To Enjoin Defendant Sandoz From Proceeding With Its Later-Filed Suit In The Southern District of New York (D.I. 15).

<u>ORDER</u>

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff Pfizer Inc.'s Contingent Motion To Enjoin Defendant Sandoz From Proceeding With Its Later-Filed Suit In The Southern District of New York (D.I. 15) is **GRANTED**.

June 26, 2006

_____
UNITED STATES DISTRICT JUDGE